IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| COLONY GRILL DEVELOPMENT, LLC, *Plaintiff,* | : : : : : |
| v. | : Case No. _____ : |
| EMMY SQG, LLC, doing business as EMMY SQUARED PIZZA and PIZZA LOVES EMILY, *Defendant.* | : **JURY TRIAL DEMANDED** : : : : : : |

**COMPLAINT**

Plaintiff Colony Grill Development, LLC ("Colony Grill Development" or "Plaintiff") by and through its undersigned counsel for its complaint against Emmy SQG, LLC ("Emmy Squared") alleges as follows:

**INTRODUCTION**

Trademarks serve several functions, but the primary one is to "identify the origin or ownership of the article to which it is affixed." *Jack Daniel's Properties, Inc. v. VIP Prods., Inc.*, 599 U.S. 140, 146 (2023). For nearly 100 years, Plaintiff's registered COLONY GRILL® trademark—often referred to by consumers as the "Colony"—has identified Plaintiff's well-known restaurant as the source of its iconic "hot oil" pizza. The corollary to the principle that a unique trademark acts as an indication of source is that failing to police confusing uses of a party's mark can weaken a trademark's distinctiveness over time. It is that policing obligation that brings Plaintiff to this Court. Defendant's restaurants use "Colony" as the name for one of its signature pizzas, a name that they acknowledge is meant to refer to Plaintiff's COLONY GRILL® brand. Plaintiff and Defendant are both expanding rapidly, and Defendant recently

opened a store in Westport, Connecticut, within a stone's throw of a number of Plaintiff's COLONY GRILL® restaurants. Imitation is the sincerest form of flattery, to be sure, but imitation of Plaintiff's valuable COLONY GRILL® trademark risks consumer confusion and damage to Plaintiff's valuable brand. That's why, long before this case was filed, Plaintiff wrote to Defendant to ask it to rename the "Colony" pizza. Because Defendant's have refused to do so, Plaintiff seeks that relief from this Court.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, Sections 1332, 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1332, 1338(a) and 1338(b).

2. This Court has personal jurisdiction over Defendant Emmy Squared because it solicits, operates, and transacts business in this district, because it has for at least the past year infringed Plaintiff's registered COLONY® mark in this district, and because it has engaged in intentional conduct expressly aimed at this district and intending to cause harm to Plaintiff, which is located in this district.

3. Venue properly lies in this District under at least 28 U.S.C. § 1391(b) and (c) because Defendant does business in and has substantial contacts with this district, and a substantial portion of the events at issue have arisen and/or will arise in this judicial district.

## PARTIES

### The Plaintiff

4. Plaintiff Colony Grill Development is a Delaware limited liability company with a principal place of business at 140 Sherman Street, Fairfield, Connecticut 06824.

5. Plaintiff, either directly or through its ownership of wholly owned entities, is in the business of owning, establishing, operating, and managing the Colony Grill restaurants in

Fairfield, Connecticut; Milford, Connecticut; Norwalk, Connecticut; Cabin John, Maryland; St. Petersburg and Tampa, Florida; Arlington, Virginia; and Port Chester, New York, and operating and managing the Colony Grill restaurant located in Stamford, Connecticut (via Plaintiff's affiliated management company).

**The Defendant**

6. Defendant Emmy SCG, LLC ("Emmy Squared") is a Tennessee corporation with, upon information and belief, its principal place of business in Nashville, Tennessee.

7. Emmy Squared owns and/or operates restaurants in Westport, Connecticut; Athens and Atlanta, Georgia; Brooklyn and Manhattan, New York; Philadelphia, Pennsylvania; Charlottesville, Alexandria, and Glen Allen, Virginia; Nashville, Tennessee; Washington, DC; Los Angeles and Santa Monica, California; Las Vegas, Nevada; Coral Gables, Florida; Durham and Charlotte, North Carolina; Birmingham, Alabama; and Louisville, Kentucky. Emmy Squared's website announces that a restaurant in Greenwich, Connecticut is "coming soon." https://www.emmysquaredpizza.com/find-us/

8. Emmy Squared ships its food offerings nationwide, including its "Colony" pizza, using Gold Belly.

## STATEMENT OF FACTS

**A.     The Colony Grill Restaurants and Their Hot Oil Bar Pie Pizza**

9. The original Colony Grill restaurant was established in Stamford, Connecticut in the 1930s. Since the 1950s, it has been serving a pizza known as a "bar pie" because it could fit on the restaurant's narrow bar top. For decades (and to this day), the bar pie has been offered with "hot oil"—a spicy, pepper-infused oil that is available as a pizza topping.

10. Plaintiff, through its wholly owned entity Fairfield Colony, LLC, began operating a Colony Grill restaurant in Fairfield, Connecticut in 2010 and it has owned and operated that restaurant since then.

11. A wholly owned affiliate of Plaintiff Colony Grill Development has been managing and operating the Stamford Colony Grill Restaurant since 2012.

12. Since opening its Fairfield restaurant, Colony Grill Development has opened restaurants in Milford and Norwalk, Connecticut; Cabin John, Maryland; St. Petersburg and Tampa, Florida; Arlington, Virginia; and Port Chester, New York.

13. In 2024, Colony Grill partnered with the Tampa Bay Rowdies to offer the famous Colony Grill pizza at their home games.

14. This year, Colony Grill Development partnered with the New York Yankees, through Legends Hospitality, LLC, a Delaware limited liability company, so that baseball fans can enjoy Colony Grill's famous thin-crust pizza at Yankees Stadium in the Bronx, as well as at Spring Training games in Tampa, Florida. At Yankees Stadium, Colony Grill features its thin-crust bar pie pizza with its signature hot oil topping. https://www.mlb.com/yankees/ballpark/food

15. Also this year, Colony Grill Development partnered with the Tampa Bay Rays, through Legends Hospitality, LLC, so that baseball fans can enjoy Colony Grill's famous thin-crust pizza at George M. Steinbrenner Field in the Tampa, Florida. At George M. Steinbrenner Field, Colony Grill features its thin crust bar pie pizza with its signature hot oil topping. https://www.mlb.com/rays/ballpark/concessions

16. For decades, the Colony Grill restaurants have been referred to as "the Colony."

17. Colony Grill Development is the owner of all right, title, and interest in the trademarks and service marks used in connection with the operation of the Colony Grill

restaurants, including the trademarks COLONY and COLONY GRILL for "pizza" and "bar and restaurant services."

18. Among the trademarks and service marks owned by Colony Grill Development is the registered mark COLONY, US Registration No. 7,660,659. A true and correct copy of the registration certificate for the service mark COLONY is attached hereto as Exhibit A.

19. Colony Grill Development also owns the service mark COLONY EST. 1935, US Registration No. 7,711,454. A true and correct copy of the registration certificate for this mark is attached hereto as Exhibit B.

20. Colony Development also owns the service mark COLONY GRILL, US Registration No. 3,915,920. A true and correct copy of the registration certificate for this mark is attached hereto as Exhibit C.

21. The above-referenced trademarks and service marks are hereafter referred to as the COLONY Marks.

B. **Emmy Squared's Ongoing Willful Infringement**

22. According to its website, Emmy Squared Pizza was founded by Emily and Matt Hyland in 2016.

23. In 2018, Emily Hyland and her then-husband Matthew Hyland published a book called "*Emily: The Cookbook*." It describes the history of the founding of the Emmy Squared restaurants, and features recipes for pizzas and other items. At page 77, the Hylands describe the origin of the pizza they call "THE COLONY":

> EMILY: THE COOKBOOK
>
> Of all our pizzas, this is the one that has become our most popular and most Instagrammed. It has, in our opinion, the perfect topping combination of salty, spicy, and sweet. This pizza gets its name and inspiration from the Colony Grill, an old-school (circa 1935) roadside tavern in Stamford, Connecticut, that's famous for its thin-crust pizza with hot oil.

*Emily: The Cookbook*, Ballantine Books (2018). The recipe for "THE COLONY" includes pickled jalapenos.

24. In 2024, Colony Grill Development became aware that Emmy Squared was promoting and serving nationwide what it describes as one of its "signature pizzas" called "THE COLONY" or "COLONY." "THE COLONY" has been available since at least 2024 at all Emmy Squared restaurants, as well as also available for nationwide shipping through Gold Belly. The Emmy Squared COLONY features the hot flavor of pickled jalapenos and is featured on the website and in menus as follows:

# EMMY SIGNATURE PIZZA

GO BIGGER FOR $5 MORE! UPGRADE TO A PIZZA 75% LARGER

## CLASSIC
Signature cheese blend, house-made red sauce **17**

## COLONY
Signature cheese blend, house-made red sauce, hand sliced & house-pickled jalapeños, Ezzo Pepperoni, honey
**20**

https://www.emmysquaredpizza.com/westport-menus/#lunch-dinner-westport

6

25.     Many of Emmy Squared's restaurants—and its planned restaurant in Greenwich, Connecticut--are geographically proximate to Plaintiff's pizza restaurants.  For example, Emmy Squared's Westport restaurant borders Norwalk and Fairfield, where Plaintiff owns and operates pizza restaurants.  Greenwich is just a few miles from Plaintiff's Port Chester, New York restaurant.  Greenwich also borders Stamford, where plaintiff's affiliate manages another Colony Grill restaurant.  Emmy Squared's Alexandria, Virginia restaurant is a few miles from Plaintiff's Arlington, Virginia restaurant.  And Emmy Squared's Washington, DC restaurant is near Plaintiff's Cabin John, Maryland restaurant.

26.     On June 7, 2024, counsel for Colony Grill Development sent counsel for Emmy Squared a cease and desist letter regarding the spicy "Colony" pizza featured on Emmy Squared's menu.  A true and correct copy of this letter is attached hereto as Exhibit D.

27.     The June 7, 2024 cease and desist letter requested that Emmy Squared cease its use of the "Colony" name for its pizza, noting that Colony Grill Development was "open to discussing an appropriate phase-out period."

28.     Counsel for Emmy Squared responded on June 28, 2024, arguing that there was no likelihood of confusion between the COLONY Marks and Emmy Squared's COLONY pizza. A true and correct copy of this letter is attached hereto as Exhibit E.

29.     On July 23, 2024, counsel for Colony Development spoke with counsel for Emmy Squared.  After Emmy Squared's counsel argued that there was no relationship between his client's use of "Colony" and the COLONY Marks and that the use of the identical mark was just a coincidence, Plaintiff's counsel read to counsel the above-quoted extract from Emmy and Matt

7

Hyland's book.  Counsel for Emmy Squared was shocked, and noted that the Hylands' admission was highly damaging to Emmy Squared's legal position vis-à-vis the COLONY Marks.

30. After numerous attempts to resolve the matter over the next few months, however, Emmy Squared's counsel ceased all communications.  Yet Emmy Squared has continued to infringe the COLONY Marks by continuously promoting its COLONY pizza in its restaurants, online, and for nationwide ordering via Gold Belly.  Accordingly, Plaintiff is now required to seek the Court's assistance to stop Emmy Squared's ongoing willful infringement.

## FIRST CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

31. Plaintiff realleges paragraphs 1 through 30 above and incorporates them by reference as if fully set forth herein.

32. Plaintiff's federally registered COLONY Mark is valid and subsisting, and Plaintiff is the valid owner of the federally registered COLONY Mark.

33. Defendant's use of a copy, variation, simulation, or colorable imitation of Plaintiff's registered COLONY Mark and in connection with its restaurant services infringes Plaintiff's exclusive rights in its federally registered COLONY Mark and is likely to cause confusion, mistake, or deception, and constitutes trademark infringement, in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(1).

34. Defendant continues to use a copy, variation, simulation, or colorable imitation of Plaintiff's COLONY Mark with full knowledge of the long and extensive prior use of the COLONY Mark by Plaintiff.  Indeed, in 2018, defendant's founders admitted that they were using "COLONY" to refer to Plaintiff and its hot oil pizza.  Moreover, defendant was put on formal notice of its infringement in June 2024, yet it has continued to willfully infringe since then.

35. Defendant's conduct is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation and to the goodwill and reputation of the registered COLONY Mark, and Defendant's ongoing conduct will continue both to damage Plaintiff and to confuse consumers unless enjoined by the Court. Plaintiff has no adequate remedy at law.

36. Defendant's conduct is causing Plaintiff monetary harm.

## SECOND CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

37. Plaintiff realleges paragraphs 1 through 36 above and incorporates them by reference as if fully set forth herein.

38. Plaintiff is the valid owner of the distinctive COLONY Marks and in Plaintiff's longstanding common law use of the word mark COLONY.

39. Defendant's unauthorized use of the COLONY Marks in connection with pizza and bar and restaurant services constitutes false designation of origin and has caused and/or is likely to cause confusion, mistake, or deception among the consuming public.

40. Defendant's unauthorized actions continue to be made with full knowledge of the long and extensive prior use of the COLONY Marks by Plaintiff and its predecessors in interest.

41. Defendant's acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. Defendant's conduct is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation and to the goodwill and reputation of the registered COLONY Marks and will continue both to damage Plaintiff and to confuse consumers unless enjoined by the Court. Plaintiff has no adequate remedy at law.

43. Defendant's conduct is causing plaintiff monetary harm.

9

## THIRD CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

44. Plaintiff realleges paragraphs 1 through 43 above and incorporates them by reference as if fully set forth herein.

45. Defendant was aware of Plaintiff's prior rights in and use of its COLONY Marks, and Defendant continues to undertake the unlawful and infringing actions described herein in disregard of Plaintiff's rights and reputation in the COLONY Marks.

46. Defendant's continued use of the COLONY Marks constitutes unfair methods of competition and unfair trade practices against Plaintiff under Connecticut common law.

47. Defendant's continued use of the Infringing COLONY Marks constitutes a fraudulent business act or practice that is likely to have deceived consumers and will continue to deceive consumers unless restrained.

48. Defendant's activities have resulted in the trading upon and misappropriation of Plaintiff's valuable goodwill and business reputation, including the goodwill and reputation embodied in the COLONY Marks, at Plaintiff's expense. The effect of Defendant's misappropriation of the goodwill symbolized by the COLONY Marks is to unjustly enrich Defendant, damage Plaintiff, and confuse and/or deceive the public.

49. Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff's goodwill and reputation unless enjoined by this Court. Plaintiff has no adequate remedy at law.

50. Defendant's conduct has caused Plaintiff monetary harm.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT

51. Plaintiff realleges paragraphs 1 through 50 above and incorporates them by reference as if fully set forth herein.

52. Defendant's use of the COLONY Marks is likely to cause confusion or mistake, or to deceive consumers as to the affiliation, connection, or association of Defendant with Plaintiff, or to cause confusion or mistake, or to deceive consumers as to the origin, sponsorship, or approval of Defendant's goods and services with Plaintiff's goods and services.

53. The unauthorized, intentional, willful, and bad faith acts and practices of Defendant set forth above constitute trademark infringement in violation of the common law of Connecticut.

54. Plaintiff is likely to be damaged by Defendant's infringing and unlawful acts.

55. Defendant's acts and practices described herein are causing and will cause Plaintiff to suffer irreparable harm. Plaintiff has no adequate remedy at law.

56. Defendant's acts and practices are causing Plaintiff monetary harm.

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

57. Plaintiff realleges paragraphs 1 through 56 above and incorporates them by reference as if fully set forth herein.

58. Plaintiff's federally registered COLONY Mark is valid and subsisting, and Plaintiff is the valid owner of the federally registered COLONY Mark.

59. Further, Plaintiff is the valid owner of the common law word mark COLONY and THE COLONY based on their longstanding use.

60. Defendant's unauthorized use of the COLONY Marks in connection with its pizza restaurant in the state of Connecticut and elsewhere, and in connection with its marketing, sale, and delivery to Connecticut consumers through the Goldbelly platform constitutes a violation of the Connecticut Unfair Trade Practices Act ("CUTPA") because Defendant is engaging in unfair methods of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices. Specifically, Defendant's use of the infringing COLONY Marks has caused and/or is likely to cause confusion, mistake, or deception among the consuming public. Defendant's acts offend public policy, are unethical, oppressive, and unscrupulous, and have caused and, unless enjoined, will cause, injury to consumers and plaintiff.

61. Defendant's unauthorized actions continue to be made with Defendant's full knowledge of the long and extensive prior use of the COLONY Marks by Plaintiff.

62. Defendant's conduct is causing immediate and irreparable injury to Plaintiff, and to its goodwill and reputation and to the goodwill and reputation of the COLONY Marks and will continue both to damage Plaintiff and to confuse consumers unless enjoined by the Court. Plaintiff has no adequate remedy at law.

63. Plaintiff has suffered an ascertainable loss of money and property as a result of Defendant's acts as alleged herein. Plaintiff accordingly seeks a judgment of actual damages, punitive damages, and reasonable attorneys' fees and costs pursuant to § 42-110g and such further relief that the Court may in its discretion award.

**WHEREFORE**, Plaintiff demands judgment as follows:

1. Preliminarily and permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant from:

(a) using or authorizing any third party to use as a trademark, service mark, domain name, business name, trade name or symbol of origin: any one or more of the COLONY Marks, or any name or mark incorporating COLONY and/or any other counterfeit, copy, simulation,

confusingly similar variation, or colorable imitation of Plaintiff's COLONY Marks in any manner or form, on or in connection with pizza or restaurant services or in the marketing, advertising, or promotion of the same;

(b)     imitating, copying or making any unauthorized use of Plaintiff's COLONY Marks and/or any copy, simulation, variation or imitation thereof;

(c)     making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendant's pizza offerings are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with Plaintiff;

(d)     using or authorizing any third party to use in connection with the rendering, offering, advertising, or promotion of any goods, any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress which falsely associate such goods or services with Plaintiff or tend to do so;

(e)     registering or applying to register as a trademark, service mark, domain name, trade name or other source identifier or symbol of origin, the mark COLONY, whether by itself or in combination with any other words or designs, or any other mark, trade dress or name that infringes on or is likely to be confused with Plaintiff's COLONY Marks;

(f)     engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's COLONY Marks; and

(g)     aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (g).

2.     Directing that Defendant delivers for destruction any infringing products or materials used to promote, sell, or offer for sale defendant's COLONY pizza, and any other products, advertisements, or other materials in its possession, or under its control, incorporating any one or more of the COLONY Marks and/or bearing simulations, variations, or colorable imitations thereof, whether used alone or in combination with other words and/or designs.

3.     Directing such other relief as the Court may deem appropriate to prevent consumers from being confused as to whether defendant's COLONY pizza is authorized by Plaintiff or related in any way to Plaintiff's products and services.

4.     Directing that Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

5.     Awarding Plaintiff such damages as it has sustained or will sustain by reason of Defendant's trademark infringement and unfair competition.

6.     Awarding Plaintiff all gains, profits, property, and advantages derived by Defendant from such conduct; and pursuant to 15 U.S.C. § 1117, awarding Plaintiff an amount

up to three times the amount of the actual damages sustained as a result of Defendant's violation of the Lanham Act.

7. Awarding Plaintiff exemplary and punitive damages pursuant to § 42-11g of the CUTPA and/or as the Court finds appropriate.

8. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees under at least 15 U.S.C. § 1117 and § 42-11g of the CUTPA.

9. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums.

10. Pursuant to applicable law and this Court's inherent authority, all other and further relief in Plaintiff's favor that the Court deems just or proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues triable by right to a jury.

Dated: July 14, 2025

Respectfully submitted,

**DUANE MORRIS LLP**

*/s/ Elizabeth M. Lacombe*
Elizabeth M. Lacombe ct28352
100 Pearl Street, 13th Floor
Hartford, Connecticut 06103
Telephone: (215) 979-1577
Facsimile: (207) 470-1099
E-mail: emlacombe@duanemorris.com

*Counsel for Plaintiff*
*Colony Grill Development, LLC*